1834.

Woodruff
v.
Straw.

---

## Woodruff vs. Straw.

Where the suit is pending before a vice chancellor, the application for an extra allowance to a master for taking an account, must be made to such vice chancellor; and an order for such allowance must be entered with the clerk.

To obtain an extra allowance to a master, his affidavit should state the time he has been actually and necessarily employed in the reference, and the gross amount of his taxable fees including his charges for the report.

The master will in no case be allowed more than five dollars per day, including his taxable fees on the reference and for the report. And if his taxable fees amount to that sum, or nearly so, no extra allowance will be made.

This was an application by one of the masters of this court for an extra allowance, in addition to his fees, upon taking an account of the administration of an estate. The suit was pending before the vice chancellor of the third circuit; but the application was made to the chancellor, under the supposition that he alone was authorized to make an order for such extra allowance, under the last clause of the seventh section of the fee bill. The affidavit of the master stated that he had been actually employed during the usual office hours for the period of fifteen days.

*P. S. Henry*, for the master.

*J. King*, for the complainant.

*R. W. Peckham*, for the administrators.

*A. Townsend*, for the infant defendants.

<span style="float:right">March 18.</span>

THE CHANCELLOR. The last clause of the section of the revised statutes relative to the fees of the masters in chancery, (2 *R. S.* 626, § 7,) authorizes the chancellor, in a case like the present, to make a further allowance to the master, beyond his taxable fees, as may be just and reasonable, upon notice to the party to be charged therewith. The affidavit of the master, upon which he applies for an extra allowance in such a case, should not only state the time he has been actually and necessarily employed in the reference, but he should also state the gross amount of his taxable fees on such reference, including his report and the schedules accompanying the same, and the necessary copies ; to enable the court to judge of the necessity or propriety of making an order for an extra allowance. The rule which has been adopted by the court, under this provision in the fee bill, is not to allow the master, in any case, beyond the sum of five dollars per day for the time actually and necessarily employed by him in taking and stating the account, and in preparing, settling and copying his report, including all his taxable fees on the reference. If it appears, therefore, that his legal fees will be equal to that sum, or nearly so, no extra allowance will be made.

As this suit is pending before a vice chancellor, the application for an extra allowance should have been made to him ; and the order for such allowance, if granted, should be entered with the clerk of his circuit. Although the word chancellor alone is used in this clause of the fee bill, the provision is equally applicable to suits pending before the vice chancellors. And in relation to such suits, they have all the jurisdiction and power which by law is vested in the chancellor ; except in those cases in which their powers are otherwise limited. (2 *R. S.* 168, § 2,) The same form of expression is used in reference to the 10th and 12th items of the master's fees. These several provisions were copied from the fee bill of April, 1823, without alteration ; and by the term chancellor, the court of chancery was intended.

The master must, therefore, be allowed to withdraw his application ; and with liberty to apply to the vice chancellor before whom the cause is pending.